H. DICKSON BURTON (4004)
EDGAR R. CATAXINOS (7162)
TRASKBRITT, P.C.
P.O. Box 2550
230 South 500 East, Suite 300
Salt Lake City, Utah 84110
Telephone: (801) 532-1922, Facsimile: (801) 531-9168

JILL M. PIETRINI (*Admission Pro Hac Vice Pending*)
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, CA  90064-1614
Telephone:  (310) 312-4000, Facsimile:  (310) 312-4224

ROBERT D. BECKER (*Pro Hac Vice*)
SHAWN G. HANSEN (8603)
MANATT, PHELPS & PHILLIPS, LLP
1001 Page Mill Road, Building 2
Palo Alto, CA 94304
Telephone: (650) 812-1300, Facsimile: (650) 213-0260

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| LL&L INNOVATIONS, LLC, and LOWDOWN DISTRIBUTION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JERRY LEIGH OF CALIFORNIA, INC. et al., <br><br> Defendants. | Civil Action No.: 2:10-cv-829-TC <br><br> U.S. District Judge Tena Campbell <br><br> **DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION OF SHAWN G. HANSEN REGARDING AUTHENTICATION OF PRIOR ART EXHIBITS IN OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

Defendants[1] respectfully request the Court to grant Defendants leave to file the Supplemental Declaration of Shawn G. Hansen in Support of Defendants' Opposition to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction ("Supplemental Hansen Declaration") attached as Exhibit A to Defendants' concurrently submitted Motion.

The Supplemental Hansen Declaration is submitted to address issues concerning authentication of Defendants' Prior Art Exhibits 2-A through 2-O (Docket Nos. 17-1 through 17-9). Defendants' Prior Art Exhibits 2-A through 2-I concern the O'Neill Hub jacket discussed during the evidentiary hearing held on September 17, 2010.

Discovery has not yet opened in this matter. On or about July 22, 2010, the undersigned counsel searched the Internet and found the documents submitted as Defendants' Prior Art Exhibits 2-A through 2-I. *See* Ex. A. The source of each of Exhibits 2-A through 2-I is stated on the respective cover sheet of each exhibit. This prior art and authentication information was provided to Plaintiffs' counsel in draft declarations served with the Rule 11 Motions dated August 17 and August 25, 2010.

Exhibits 2-A through 2-I are self-authenticating under FRE 902(6). FRE 902(6) provides that, "Extrinsic evidence of authenticity as a condition precedent to admissibility **is not required** with respect to . . . [p]rinted materials purporting to be newspapers or periodicals." FRE 902(6) (emphasis added); *see also Budde v. Harley-Davidson, Inc.*, 2003 U.S. Dist. LEXIS 25990 (N.D. Cal. July 29, 2003) (denying motion to strike Internet documents as not properly authenticated because they were self-authenticating under FRE 902(6)); *P&G v. Haugen*, 2007 U.S. Dist. LEXIS 15795 (Stewart, J.) (D. Utah Mar. 2, 2007) (denying motion to exclude

---

[1] As used here, the term "Defendants" includes Defendants Jerry Leigh of California, Inc., Kohl's Corporation, J. C. Penney Company, Inc., Rusty Licensing, Inc., Hot Topic Merchandising, Inc., and Sun Coast Merchandise Corporation.

Internet evidence for lack of authentication based on FRE 902(6)).  Because Defendants Prior

Art Exhibits 2-A through 2-I all are printed materials purporting to be newspapers or periodicals,

they are self-authenticating under FRE 902(6) and are admissible.

In addition, consistent with FRE 901(a), the Supplemental Hansen Declaration submitted

herewith provides testimony confirming that the exhibits in question accurately reflect what the

undersigned saw at the respective websites from which the exhibits were downloaded, as

reflected on the cover sheet of each exhibit.

Defendants' Prior Art Exhibits 2-A through 2-I were obtained informally without the

benefit of any discovery in this matter.  They should at least be considered a proffer of what the

evidence will show in this case.  Plaintiffs are not prejudiced in any way because they were on

notice of the authentication information provided in the Supplemental Hansen Declaration

through the Rule 11 Motions served on August 17 and 25, 2010, as well as the cover sheets of

each respective exhibit as filed with the Court.

Defendants therefore respectfully request the Court to grant Defendants leave to file the

Supplemental Hansen Declaration.

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP

DATED:  September 20, 2010                    By: ___/s/ Shawn G. Hansen_____
                                                              Jill M. Pietrini
                                                              Robert D. Becker
                                                              Shawn G. Hansen

                                                              *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of September, 2010, I filed the foregoing

electronically through the Court's CM/ECF system, which caused the following parties or

counsel to be served by electronic means, as more reflected on the Notice of Electronic Filing:

Charles L. Roberts
*croberts@wnlaw.com*
James B. Belshe
*jbelshe@wnlaw.com*
Chad E. Nydegger
*cnydegger@wnlaw.com*
WORKMAN | NYDEGGER
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111

_____   Hand Delivery
___X___   CM/ECF system
_____   Federal Express
_____   Email

*Attorneys for Plaintiffs*
LL&L INNOVATIONS, LLC
LOWDOWN DISTRIBUTION, INC.

_/s/ Shawn G. Hansen_____

300151914.1

4