CHARLES L. ROBERTS (USB No. 5137)
*croberts@wnlaw.com*
JAMES B. BELSHE (USB No. 9826)
*jbelshe@wnlaw.com*
CHAD E. NYDEGGER (USB No. 9964)
*cnydegger@wnlaw.com*
**WORKMAN | NYDEGGER**
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah  84111
Telephone:  (801) 533-9800
Facsimile:   (801) 328-1707

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| LL&L INNOVATIONS LLC, a Utah limited liability company, and LOWDOWN DISTRIBUTION, INC., a California corporation, | Civil Action No.  2:10-cv-00829-DN |
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| v. | Honorable Chief Judge Tena Campbell |
| JERRY LEIGH OF CALIFORNIA, INC., a California corporation; KOHL'S CORPORATION, a Wisconsin corporation; JC PENNEY COMPANY, INC., a Texas corporation; RUSTY NORTH AMERICA, LLC, a California limited liability company; HOT TOPIC MERCHANDISING, INC, a California corporation, and SUN COAST MERCHANDISE CORPORATION d/b/a SUNSCOPE, a California corporation, | **(JURY TRIAL DEMANDED)** |
| Defendant. | |

1

Plaintiff, LL&L Innovations LLC ("LL&L") and Lowdown Distribution, Inc., ("Lowdown") (plaintiff parties are collectively referred to hereinafter as the "Plaintiffs"), by and through their undersigned attorneys, hereby complain against Defendants Jerry Leigh of California, Inc. ("Jerry Leigh"), a California corporation; Kohl's Corporation ("Kohl's"), a Wisconsin corporation; JC Penney Company, Inc. ("JC Penney"), a Texas corporation; Rusty North America, LLC ("Rusty"), a California limited liability company; Hot Topic Merchandising, Inc. ("Hot Topic"), a California corporation, and Sun Coast Merchandise Corp. d/b/a Sunscope, a California Corporation ("Sunscope"), [defendant parties are collectively referred to hereinafter as the "Defendants"] and allege as follows:

## PARTIES

1. LL&L is a Utah limited liability company duly organized and existing under the laws of the State of Utah, with its principal place of business in Alpine, Utah.

2. Lowdown Distribution, Inc., is a corporation organized and existing under the laws of the State of California, with its principal place of business at 2301 East 7th St., Los Angeles, CA 90023.

3. On information and belief, Jerry Leigh is a corporation organized and existing under the laws of the State of California, with its principal place of business at 7860 Nelson Road, Van Nuys, California 91402.

4. On information and belief, Kohl's is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business at N56 W 17000 Ridgewood Drive, Menomonee Falls, Wisconsin 53051.

5. On information and belief, JC Penney is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 6501 Legacy Drive, Plano, Texas 75024.

6. On information and belief, Rusty is a limited liability company organized and existing under the laws of the State of California, with its principal place of business at 17 Pasteu, Irvine, California, 92618.

7. On information and belief, Hot Topic is a corporation organized and existing under the laws of the State of California, with its principal place of business at 18305 E. San Jose Avenue, City of Industry, California 91748.

8. On information and belief, Sunscope is a California corporation with its principal place of business at 6315 Bandini Blvd., Commerce, California 90040.

## JURISDICTION AND VENUE

9. This is a civil action for patent infringement under 35 U.S.C. §§ 271, 281, 283, 284, 285, and 289.

10. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a).

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as Defendants have committed the acts complained of herein in this district. Upon information and belief, Defendants have solicited business within the State of Utah, have transacted business within the State of Utah, have contracted to supply goods or services within the State of Utah directly through sale of product on their respective websites, have attempted to derive financial benefit from residents of the State of Utah, including benefits directly related to the instant patent infringement cause of action, and have otherwise purposefully availed themselves of the privileges and benefits of the laws of the State of Utah. Defendants are, therefore, subject to the jurisdiction of this Court pursuant to Utah Code § 78B-3-205.

**BACKGROUND**

12.     LL&L is the owner by assignment of U.S. Patent No 7,519,192 (the "'192 patent"). The '192 patent is titled "Wired Clothing and Earphones." The '192 patent was filed on September 13, 2005 and was validly issued by the United States Patent and Trademark Office on April 14, 2009. A copy of the '192 patent is attached hereto as Exhibit 1.

13.     Lowdown is the sole licensee of the '192 patent practicing the claims of the '192 patent in United States.

14.     On information and belief, Jerry Leigh, directly or through its subsidiaries, divisions, groups, or distributors, makes, sells and/or offers for sale or allows others to make, use, sell and/or offer for sale infringing products, including, but not limited to, the product identified as the Hoodie Buddie with HB3 Technology. The Hoodie Buddie is advertised on including, but not limited to, www.jerryleigh.com and www.hb3technology.com, copies of which are attached hereto as Exhibits 2 and 3, respectively.

15.     On information and belief, Kohl's, directly or through its subsidiaries, divisions, groups, or distributors, makes, sells and/or offers for sale or allows others to make, use, sell and/or offer for sale infringing products, including, but not limited to, the product identified as the Abbey Dawn "Rock" Striped Hoodie with HB3 Technology. The Abbey Dawn product is offered for sale at including, but not limited to, www.kohls.com, a copy of which is attached hereto as Exhibit 4.

16.     On information and belief, JC Penney, directly or through its subsidiaries, divisions, groups, or distributors, makes, sells and/or offers for sale or allows others to make, use, sell and/or offer for sale infringing products, including, but not limited to, the product identified as the Hoodie Buddie Fleece. The Hoodie Buddie Fleece product is

offered for sale at including, but not limited to, www.jcpenney.com, a copy of which is attached hereto as Exhibit 5.

17. On information and belief, Rusty, directly or through its subsidiaries, divisions, groups, or distributors, makes, sells and/or offers for sale or allows others to make, use, sell and/or offer for sale infringing products, including, but not limited to, the product identified as the Wired Series. The Wired Series product is offered for sale at including, but not limited to, www.rusty.com, a copy of which is attached hereto as Exhibit 6.

18. On information and belief, Hot Topic, directly or through its subsidiaries, divisions, groups, or distributors, makes, sells and/or offers for sale or allows others to make, use, sell and/or offer for sale infringing products, including, but not limited to, the products identified as the Skeleton Rose Hoodie Plus Size. The Skelton Rose product is offered for sale at including, but not limited to, www.hottopic.com, a copy of which is attached hereto as Exhibit 7.

19. On information and belief, Sunscope directly or through its subsidiaries, divisions, groups, or distributors, makes, sells and/or offers for sale or allows others to make, use, sell and/or offer for sale infringing products, including, but not limited to, the product identified as the Hoodie Buddie with HB3 Technology. The Hoodie Buddie product is offered for sale at including, but not limited to, www.sunscopeusa.com, a copy of which is attached hereto as Exhibit 8. Defendants' products listed in Paragraphs 11-15 above are collectively-referred to hereafter as the "Accused Products."

20. The Accused Products do not necessarily represent an exhaustive list and Plaintiffs reserve the right to supplement the list of Accused Products pending further discovery.

**FIRST CLAIM FOR RELIEF**
**Infringement of United States Patent No. 7,519,192**

21. Plaintiffs restate, reallege, and incorporate by reference the allegations contained in the preceding paragraphs of its Complaint as if fully set forth herein.

22. The Defendants have directly infringed and continue to infringe the claims of the '192 patent by making, using, selling, and/or offering for sale within the United States or importing into the United States products, including but not limited to the Accused Products, that embody one or more of the claims of the '192 patent.

23. The Defendants have contributed and continue to contribute to the infringement of the claims of the '192 patent by supplying consumers with products, including but not limited to the Accused Products, that, when attached to an audio device by the consumers as intended, advertised and instructed by the Defendants, directly infringe one or more of the claims of the '192 patent. Upon information and belief, the Defendants, at all relevant times, knew that the combination for which their products were especially designed is both patented by the '192 patent and infringes one or more claims of the '192 patent.

24. The Defendants have induced and continue to induce the consumers of the Defendants' products, including but not limited to the Accused Products, to infringe the claims of the '192 patent because the Defendants have knowledge of the '192 patent, and the Defendants intend and encourage these consumers of the Defendants' products to use those products in combinations that directly infringe one or more claims of the '192 patent.

25. On information and belief, the Defendants had full knowledge of the '192 patent before initiation of the present action and, therefore, their actions of direct, contributory and induced infringement are both willful and deliberate.

26. The Defendants will continue to willfully infringe the '192 patent unless enjoined by this Court, which willful infringement has resulted and will continue to result in irreparable harm to Plaintiffs.

27. As a direct and proximate result of the Defendants' infringement of the '192 patent, Plaintiffs have been and continue to be damaged in an amount yet to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

A. For a judgment holding the Defendants liable for infringement of the '192 patent;

B. For an award of damages adequate to compensate Plaintiffs for the Defendants' infringement of the '192 patent, including treble damages and other damages allowed by 35 U.S.C. § 284;

C. For preliminary and permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining the Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all other persons in active concert or participation with them as follows:

   i. from manufacturing any products or providing any services falling within the scope of the claims of the '192 patent;

   ii. from using any product, method, or providing services falling within the scope of any claims of the '192 patent;

   iii. from selling, offering to sell, licensing, or purporting to license any product, method, or offering service falling within the scope of any of the claims of the '192 patent;

   iv. from importing any product into the United States which falls within the scope of the '192 patent;

   v. from actively inducing others to infringe any of the claims of the '192 patent;

   vi. from engaging in acts constituting contributory infringement of any of the claims of the '192 patent; and

   vii. from all other acts of infringement of any of the claims of the '192 patent.

 D. That Defendants be ordered to deliver up for destruction all infringing products in their possession;

 E. That this be declared an exceptional case and that Plaintiffs be awarded their attorneys' fees against the Defendants pursuant to 35 U.S.C. § 285;

 F. For an award of Plaintiffs costs of this action;

 G. For an order that Plaintiffs be granted pre and post-judgment interest on the damages caused to them by reason of the Defendants' infringement; and

 H. For such further relief as the Court deems Plaintiffs may be entitled to in law and in equity.

## DEMAND FOR JURY TRIAL

 Plaintiffs hereby demand a trial by jury in this action.


[Balance of Page Intentionally Left Blank]

DATED this 21st day of September, 2010.

          WORKMAN | NYDEGGER

          By */s/ Chad E. Nydegger*
            CHARLES L. ROBERTS
            JAMES B. BELSHE
            CHAD E. NYDEGGER

          Attorneys for Plaintiff
          LL&L INNOVATIONS LLC and
          LOWDOWN DISTRIBUTION, INC.