CHARLES L. ROBERTS (USB No. 5137)
*croberts@wnlaw.com*
JAMES B. BELSHE (USB No. 9826)
*jbelshe@wnlaw.com*
CHAD E. NYDEGGER (USB No. 9964)
*cnydegger@wnlaw.com*
**WORKMAN | NYDEGGER**
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT  84111
Telephone:  (801) 533-9800
Facsimile:  (801) 328-1707

Attorneys for Plaintiffs
LL&L INNOVATIONS LLC and
LOWDOWN DISTRIBUTION, INC.

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH
### CENTRAL DIVISION

| | |
|---|---|
| LL&L INNOVATIONS LLC, a Utah limited liability company, and LOWDOWN DISTRIBUTION, INC., a California ~ corporation,, | Civil Action No. 2:10-cv-00829-TC |
| Plaintiffs, | **PLAINTIFFS OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE A SUPPLEMENTAL HANSEN DECLARATION** |
| v. | Honorable Chief Judge Tena Campbell |
| JERRY LEIGH OF CALIFORNIA, INC., a California corporation; KOHL'S CORPORATION, a Wisconsin corporation; JC PENNEY COMPANY, INC., a Texas corporation; RUSTY NORTH AMERICA, LLC, a California limited liability company; HOT TOPIC MERCHANDISING, INC, a California corporation, and SUN COAST MERCHANDISE CORPORATION d/b/a SUNSCOPE, a California corporation, | |
| Defendants. | |

Plaintiffs LL&L Innovations, LLC and Lowdown Distribution, Inc. (collectively "Plaintiffs"), by and through their counsel of record, submit this Opposition to Plaintiffs Motion for Leave to File a Supplemental Hansen Declaration in response to "Defendants' Motion for Leave to File Supplemental Declaration of Shawn G. Hansen Regarding Authentication of Prior Art Exhibits in Opposition to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction" (the "Motion for Leave") filed by defendants Jerry Leigh of California, Inc., Kohl's Corporation, J. C. Penney Company, Inc., Rusty Licensing, Inc., Hot Topic Merchandising, Inc., and Sun Coast Merchandise Corporation (collectively, "Defendants").

## I.     INTRODUCTION

Despite knowing of the alleged prior art[1] that Defendants assert against U.S. Patent No. 7,519,192 (the "'192 patent") since at least July 23, 2010, [*see* Dkt. No. 45-6] Defendants made no effort to authenticate that alleged prior art in connection with "Defendants' Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction" (the "Opposition to PI"), which was not filed until September 7, 2010. Defendants' belated efforts to now authenticate those documents are far too little far too late.

Defendants' Motion for Leave should be denied for at least three reasons. First, the Motion for Leave comes after both the briefing and the hearing on Plaintiffs' Motion for Preliminary Injunction, and is therefore untimely and prejudicial to Plaintiffs. Second, the evidence of authentication Defendants offer is insufficient to authenticate the documents as of their content in 2004, as required to use these documents as prior art to the '192 patent. Third, even if the alleged prior art were properly authenticated as to its content in 2004, it would not affect the outcome of Plaintiffs' preliminary injunction motion. For at least these reasons, the Motion for Leave should be denied.

---

[1] Plaintiffs herein dispute the authenticity of Defendants' Prior Art Exhibits 2-A through 2-K, which are purported printouts from websites located on the Internet. For purposes of this Opposition, Plaintiffs' references to "prior art" refer only to the Internet documents alleged prior art as shown in Defendants' Prior Exhibits 2-A through 2-K.

## II.   ARGUMENT

### A.   Defendants' Motion for Leave Should Be Denied Because It Is Untimely and Highly Prejudicial to Plaintiffs

Defendants admit that they have been in possession of the alleged prior art since at least July 23, 2010.  Defendants, however, made no attempt to authenticate this alleged prior art in connection with their opposition to the preliminary injunction motion.   Defendants provide no reason for why they could not authenticate the alleged prior art in a timely manner.  It would be highly prejudicial to allow Defendants to now submit new evidence and arguments concerning authentication of these documents without affording Plaintiffs an opportunity to test or respond to that evidence and argument.

### B.   Defendants' Motion for Leave Should Be Denied Because the Evidence and Arguments in the Motion for Leave Do Not Authenticate the Content of the Alleged Prior Art as of 2004

The evidence and arguments concerning authentication submitted by Defendants is a futile effort to authenticate the alleged prior art documents.   At best, the "Supplemental Declaration of Shawn G. Hansen in Support of Defendants' Opposition to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction" (the "Supplemental Declaration") is evidence of what the websites alleged to be prior art contained as of the day those websites were printed by counsel for Defendants.   That is not enough.   Unlike printed newspapers and periodicals that are fixed once printed, and are thus self-authenticating under Rule 902(6),[2] websites are dynamic and subject to change at any moment.  To authenticate the websites cited by Defendants as alleged prior art to the '192 patent, Defendants must authenticate the content of those websites as of dates in 2004 that the Defendants allege qualify these websites as prior art to the '192 patent.  The Supplemental Declaration makes no attempt authenticate the content of any of the websites as of the dates in 2004 upon which Defendants rely to establish the websites as prior art.  Authentication of the content of these websites in 2010 when printed by Defendants'

---

[2] All references to a "Rule" are to the Federal Rules of Evidence unless stated otherwise.

counsel is irrelevant to Defendants' attempt to use these websites as prior art publically available in 2004. Further, Defendants have made no argument or suggestion that Defendants will be able to authenticate these documents at trial. Thus, granting the Motion for Leave would be futile.

Additionally, Defendants' argument that these websites are self-authenticating "newspapers and periodicals" under Rule 902(6) is wrong. Websites are not "newspapers" and not "periodicals." Newspapers and periodicals are printed in hard copy and then distributed to the general public at large. Thus, their content is fixed as of their publication and dissemination. Consequently, it makes sense that these documents are self-authenticating because anyone can obtain a hard copy of the newspaper or periodical (such as from a library or other source) and confirm the content of that publically disseminated document. This is not the case with websites, which are dynamic in nature and constantly changing. There is nothing "fixed" about a website. As such, they are not self-authenticating "newspapers" or "periodicals" under Rule 902(6).

The cases cited by Defendants in support of their argument that websites are self-authenticating are inapposite. In *Budde v. Harley-Davidson, Inc.*, 2003 U.S. Dist. LEXIS 25990 (N.D. Cal. July 29, 2003), the court addressed the authentication of documents that "were obtained from the American Motorcyclist-Association ("AMA"), from various publications and from the Internet[.]" *Id.* at *52. The court made the following conclusions concerning authentication:

> [T]he Court concludes that that the documents are properly authenticated and are admissible. A number of the documents are periodical publications admissible under *Fed. R. Evid. 902(6)*. The documents produced by the AMA are admissible as business records under *Fed. R. Evid. 803(6)*. The remaining documents are properly authenticated under *Fed. R. Evid. 901*.

*Id.* Nowhere does *Budde* state that Internet documents are self-authenticating, as Defendants suggest in their parenthetical description of the holding in *Budde*. [*See* Memorandum in Support of Motion for Leave, at p. 2 (paraphrasing that the holding in *Budde* was "denying motion to strike Internet documents as not properly authenticated because they were self-authenticating

3

under FRE 902(6)").]  Defendants' citation of *P&G v. Haugen*, 2007 U.S. Dist. LEXIS 15795

(Stewart, J.) (D. Utah Mar. 2, 2007) [Memorandum in Support of Motion for Leave, at p. 2] fairs

no better.  In *P&G*, the court ruled as follows:

> P & G's Motion in Limine No. 2 to Exclude Newspaper Articles, Books, and
> Internet Evidence (Docket No. 994) is DENIED on the grounds that the Motion is
> overbroad.  Moreover, the Court will not permit the introduction of hearsay,
> regardless of its source.  The Court notes that *Fed. R. Evid. 902(6)* addresses
> authentication, not hearsay.  Further, for the reasons stated above, insofar as the
> newspaper article, books or internet evidence relate to incidents or persons other
> than the rumor in the above-stated time frame, it is not relevant.

*Id.* at *7-8.  Thus, the motion to exclude was denied "as overbroad," not because the documents

were self-authenticating under Rule 902(6).  The only statement concerning Rule 902(6) is that it

"addresses authentication, not hearsay."  There is no analysis or holding whatsoever that Internet

documents are self-authenticating under Rule 902(6).  As such, the Motion to Leave should be

denied because even if it were granted, it would not provide any basis for authenticating the

content of the alleged prior art as of 2004.

**C.     Defendants' Motion for Leave Should Be Denied Because the Alleged Prior
Art, Even If Authenticated, Would Not Change the Outcome of the Motion
for Preliminary Injunction**

Defendants' Motion for Leave attempts to authenticate the alleged prior art in an attempt

to stave off the pending preliminary injunction motion.  The alleged prior art, however, would

not affect the outcome of that motion even if it were properly authenticated.  As explained in

Plaintiffs' papers supporting its preliminary injunction motion and at the hearing, the Hub

Internet documents do not, as a matter of law, contain clear and convincing evidence of a wire

assembly that passes through a passageway around the hood of the garment, and acts as a

drawstring.  As shown in the pictures below, the positioning of the microphone in the Hub

products explicitly teaches away from the claimed wire assembly.



Based on the configuration of the wiring as depicted in the upper-left picture, the likely pathway of the wiring from the microphone to the earphones in the bottom picture is indicated by the dashed yellow line. There is no evidence, and certainly not clear and convincing evidence, that the wiring of the Hub product passes through the border of the hood, and acts as a drawstring. As such, even if the Internet documents regarding the Hub reference were properly authenticated, they would have no bearing on Plaintiffs' motion for preliminary injunction. Because the Supplemental Declaration would not affect the outcome of the preliminary injunction motion, the Motion for Leave should be denied.

III.     **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request the Court to DENY the Motion for Leave in all respects.

DATED this 22nd day of September, 2010.

WORKMAN | NYDEGGER

By */s/ Chad E. Nydegger*
      CHARLES L. ROBERTS
      JAMES B. BELSHE
      CHAD E. NYDEGGER

Attorneys for Plaintiff
LL&L INNOVATIONS LLC and
LOWDOWN DISTRIBUTION, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2010 I electronically filed the foregoing

**PLAINTIFFS OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE A**

**SUPPLEMENTAL HANSEN DECLARATION** with the Clerk of the Court using the

CM/ECF system, which will send notification of such filing to the following:

> SHAWN G. HANSEN
> *shansen@manatt.com*
> Robert D. Becker
> *rbecker@manatt.com*
> MANATT, PHELPS & PHILLIPS, LLP
> 1001 Page Mill Road, Building 2
> Palo Alto, CA 94304
>
> Edgar R. Cataxinos
> *ercataxinos@traskbritt.com*
> H. Dickson Burton
> *hdburton@traskbritt.com*
> TRASKBRITT PC
> 230 S 500 E #300
> Po Box 2550
> Salt Lake City, UT 84110

*/s/ Chad E. Nydegger*

3033158_1.DOC