H. DICKSON BURTON (4004)
EDGAR R. CATAXINOS (7162)
TRASKBRITT, P.C.
P.O. Box 2550
230 South 500 East, Suite 300
Salt Lake City, Utah 84110
Telephone: (801) 532-1922, Facsimile: (801) 531-9168

JILL M. PIETRINI (*Admission Pro Hac Vice Pending*)
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000, Facsimile: (310) 312-4224

ROBERT D. BECKER (*Pro Hac Vice*)
SHAWN G. HANSEN (8603)
MANATT, PHELPS & PHILLIPS, LLP
1001 Page Mill Road, Building 2
Palo Alto, CA 94304
Telephone: (650) 812-1300, Facsimile: (650) 213-0260

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
### CENTRAL DIVISION

| | |
|---|---|
| LL&L INNOVATIONS, LLC, and LOWDOWN DISTRIBUTION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JERRY LEIGH OF CALIFORNIA, INC. et al., <br><br> Defendants. | Civil Action No.: 2:10-cv-829-TC <br><br> U.S. District Judge Tena Campbell <br><br> **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION OF SHAWN G. HANSEN REGARDING AUTHENTICATION OF PRIOR ART EXHIBITS IN OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

Because the preliminary injunction sought by Plaintiffs would alter the status quo, Plaintiffs bear a <u>heightened burden</u> and "must make a <u>strong showing</u> both with regard to the likelihood of success on the merits and with regard to the balance of harms." *O Centro Espirita Beneficente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 976 (10th Cir. 2004) (en banc, per curiam) (emphasis added), aff'd, 546 U.S. 418 (2006). Plaintiffs' simply have not met their heightened burden here, regardless of their arguments regarding authentication of prior art.

Plaintiffs' arguments in their Opposition ignore that, at the preliminary injunction stage, "the trial court 'does not resolve the validity question, but rather must . . . make an assessment of the persuasiveness of the challenger's evidence, recognizing that it is doing so without all evidence that may come out at trial.'" *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1377 (Fed. Cir. 2009). Instead of the Defendants having to persuade the Court that the '192 patent is invalid, at this stage it is Plaintiffs, "who must persuade the court that, despite the challenge presented to validity, the patentee nevertheless is likely to succeed at trial on the validity issue." *Id*.

The fact is: Defendants' Prior Art Exhibits 2-A through 2-I (Docket Nos. 17-1 through 17-9) are self-authenticating under FRE 902(6) and include date information on their respective faces. Even if more were required to meet the burden Defendants will bear at trial, Defendants' Prior Art Exhibits 2-A through 2-I establish that Defendants' invalidity defenses have substantial merit and thus preclude a preliminary injunction.

The Cellular Online article, marked as Exhibit 2-A, bears on its face the date of January 16, 2004. Similarly, the other Prior Art Exhibits include dates in early 2004 on their respective faces as follows:

- The PC World article marked as Exhibit 2-E bears the date January 14, 2004, on its face;

1

- The Surfer Magazine article marked as Exhibit 2-F bears the date "09/01/04," on its face;
- The I4U article marked as Exhibit 2-G hears the date March 8, 2004, on its face;
- The Cellular News article marked as Exhibit 2-H states on its face, "Article published on 15th January 2004";
- The Cool Hunting article marked as Exhibit 2-I is dated January 14, 2004, on its face; and
- The Gizmag article marked as Exhibits 2-B, 2-C, and 2-D references the "January 14" announcement of the O'Neill Hub, and the text in Exhibit 2-D confirms the article was published in 2004 because it refers to the time, "when O'Neill's 2004/05 winter collection goes on sale later this year."

Plaintiffs have not suggested that the content of these exhibits, including the dates, has been altered. The source of each exhibit is identified (*i.e.*, the URLs of the websites) for Plaintiffs and the Court to review for themselves. However, Plaintiffs' Opposition does alter images from some of the exhibits and introduces new arguments regarding the teachings of the exhibits, both of which are improper. (*See* Opposition, p. 5.)

With respect to Plaintiffs' new arguments, Plaintiffs have offered no basis to speculate about the channel of the earphone wire taking the route that is indicated on page 5 of their Opposition. On the other hand, Mr. Andrew Leigh testified during the hearing on September 17, 2010, about how the photographs teach him, a person experienced in the manufacture of garments, that the earphone wire went through the drawstring channel along the border of the hood.

The teachings of Defendants' Prior Art Exhibits are plain for the Court to see in the Exhibits themselves and are independent of the actual products that were on sale. At most, Plaintiffs' challenges to Defendants' prior art demonstrate the need for discovery, which has not commenced yet. Plaintiffs have cited no authority for the proposition that more authentication is required for the Court to consider Defendants' invalidity defenses at the preliminary injunction stage.

3

Defendants are not prejudiced in any way by the submission of the proposed supplemental declaration regarding authentication because the same authentication information was provided to Defendants with the Rule 11 Motions served on August 17 and 25, 2010, and was provided on the cover sheet of each Exhibit as filed pursuant to the Court's instructions during the Status Conference of September 2, 2010.  There is thus no surprise nor mystery regarding the source of Defendants' Prior Art Exhibits.

Accordingly, Defendants' respectfully request the Court to grant the Motion.

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP

DATED:  September 23, 2010        By: ___/s/ Shawn G. Hansen_____
          Jill M. Pietrini
          Robert D. Becker
          Shawn G. Hansen

*Attorneys for Defendants*

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 23rd day of September, 2010, I filed the foregoing electronically through the Court's CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Charles L. Roberts | _____  Hand Delivery |
| *croberts@wnlaw.com* | __X__  CM/ECF system |
| James B. Belshe | _____  Federal Express |
| *jbelshe@wnlaw.com* | _____  Email |
| Chad E. Nydegger | |
| *cnydegger@wnlaw.com* | |
| WORKMAN \| NYDEGGER | |
| 1000 Eagle Gate Tower | |
| 60 East South Temple | |
| Salt Lake City, Utah 84111 | |

*Attorneys for Plaintiffs*
LL&L INNOVATIONS, LLC
LOWDOWN DISTRIBUTION, INC.

                                                       _/s/ Shawn G. Hansen_

300153475.1