
H. DICKSON BURTON (4004)
EDGAR R. CATAXINOS (7162)
TRASKBRITT, P.C.
P.O. Box 2550
230 South 500 East, Suite 300
Salt Lake City, Utah 84110
Telephone: (801) 532-1922, Facsimile: (801) 531-9168

JILL M. PIETRINI (*Pro Hac Vice*)
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, CA  90064-1614
Telephone:  (310) 312-4000, Facsimile:  (310) 312-4224

ROBERT D. BECKER (*Pro Hac Vice*)
SHAWN G. HANSEN (8603)
MANATT, PHELPS & PHILLIPS, LLP
1001 Page Mill Road, Building 2
Palo Alto, CA 94304
Telephone: (650) 812-1300, Facsimile: (650) 213-0260

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| LL&L INNOVATIONS, LLC, and LOWDOWN DISTRIBUTION, INC., <br><br>　　Plaintiffs, <br><br>　　　　v. <br><br>JERRY LEIGH OF CALIFORNIA, INC. et al., <br><br>　　Defendants. | Civil Action No.: 2:10-cv-829-TC <br><br> U.S. District Judge Tena Campbell <br><br> **DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)** |

Defendants Jerry Leigh of California, Inc., Kohl's Corporation, J. C. Penney Company, Inc., Rusty Licensing, Inc., Hot Topic Merchandising, Inc., and Sun Coast Merchandise Corporation (collectively, "Defendants") hereby move the Court to dismiss the First Amended Complaint (Docket No. 61) of Plaintiffs LL&L Innovations, LLC, and Lowdown Distribution, Inc. ("Plaintiffs") pursuant to FRCP 12(b)(6) for failure to state claims upon which relief can be granted for inducement of infringement under 35 U.S.C. § 271(b), contributory infringement under 35 U.S.C. § 271(c), and willful patent infringement.

Defendants previously filed a Motion to Dismiss Plaintiffs' Complaint Pursuant to FRCP 12(b)(6) (Docket No. 32), which was based on the failure of Plaintiffs' Original Complaint (Docket No. 2) to state claims upon which relief can be granted for inducement of infringement under 35 U.S.C. § 271(b), contributory infringement under 35 U.S.C. § 271(c), and infringement under 35 U.S.C. § 271(f).  The prior Motion to Dismiss was withdrawn without prejudice (*see* Docket No. 70) in view of Plaintiffs' First Amended Complaint (Docket No. 61).

Plaintiffs' First Amended Complaint fails to cure the deficiencies noted in Defendants' prior Motion to Dismiss because it fails to allege any facts regarding any instances of direct infringement forming the basis for the claims for inducement of infringement under 35 U.S.C. § 271(b) and contributory infringement under 35 U.S.C. § 271(c).

Plaintiffs' First Amended Complaint also fails to cure the deficiencies noted in Defendants' prior Motion to Dismiss because it fails to allege the requisite state of mind for inducement of infringement under 35 U.S.C. § 271(b) and contributory infringement under 35 U.S.C. § 271(c).

2

In addition, Plaintiffs' First Amended Complaint contains only conclusory allegations regarding willful patent infringement that fail even to recite the elements of a claim for willfulness.

Because Plaintiffs' Complaint fails on its face to allege plausible grounds for relief under any of these theories, it fails to meet the pleading standards under FRCP 8 and should therefore be dismissed.  *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

This Motion is supported by the accompanying Memorandum of Points and Authorities. A proposed Order is submitted herewith.

                                               Respectfully submitted,

                                               MANATT, PHELPS & PHILLIPS, LLP

DATED:  October 8, 2010               By: */s/ Shawn G. Hansen*_____
                                                           Jill M. Pietrini
                                                           Robert D. Becker
                                                          Shawn G. Hansen

                                                          *Attorneys for Defendants*

3

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 8th day of October, 2010, I filed the foregoing electronically through the Court's CM/ECF system, which caused the following parties or counsel to be served by electronic means, as reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Charles L. Roberts | _____ Hand Delivery |
| *croberts@wnlaw.com* | __X__ CM/ECF system |
| James B. Belshe | _____ Federal Express |
| *jbelshe@wnlaw.com* | _____ Email |
| Chad E. Nydegger | |
| *cnydegger@wnlaw.com* | |
| WORKMAN | NYDEGGER | |
| 1000 Eagle Gate Tower | |
| 60 East South Temple | |
| Salt Lake City, Utah 84111 | |

*Attorneys for Plaintiffs*
LL&L INNOVATIONS, LLC
LOWDOWN DISTRIBUTION, INC.

                                                                                          */s/ Shawn G. Hansen*

300157532.1