H. DICKSON BURTON (4004)
EDGAR R. CATAXINOS (7162)
TRASKBRITT, P.C.
P.O. Box 2550
230 South 500 East, Suite 300
Salt Lake City, Utah 84110
Telephone: (801) 532-1922, Facsimile: (801) 531-9168

JILL M. PIETRINI (*Pro Hac Vice*)
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, CA  90064-1614
Telephone:  (310) 312-4000, Facsimile:  (310) 312-4224

ROBERT D. BECKER (*Pro Hac Vice*)
SHAWN G. HANSEN (8603)
MANATT, PHELPS & PHILLIPS, LLP
1001 Page Mill Road, Building 2
Palo Alto, CA 94304
Telephone: (650) 812-1300, Facsimile: (650) 213-0260

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| LL&L INNOVATIONS, LLC, and LOWDOWN DISTRIBUTION, INC., <br><br>Plaintiffs,<br><br>v.<br><br>JERRY LEIGH OF CALIFORNIA, INC. et al.,<br><br>Defendants. | Civil Action No.: 2:10-cv-829-TC<br><br>U.S. District Judge Tena Campbell<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)** |

## I.     INTRODUCTION

Defendants Jerry Leigh of California, Inc. ("Jerry Leigh"), Kohl's Corporation ("Kohl's"), J. C. Penney Company, Inc. ("JC Penney"), Rusty Licensing, Inc. ("Rusty"), Hot Topic Merchandising, Inc. ("Hot Topic"), and Sun Coast Merchandise Corporation ("Sun Coast") (collectively, "Defendants") respectfully submit this Memorandum of Points and Authorities in Support of their Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to FRCP 12(b)(6).

Defendants respectfully request the Court to dismiss the Complaint of Plaintiffs LL&L Innovations, LLC ("LL&L"), and Lowdown Distribution, Inc. ("Lowdown") (collectively, "Plaintiffs"), pursuant to FRCP 12(b)(6) for failure to state claims upon which relief can be granted for inducement of infringement under 35 U.S.C. § 271(b), contributory infringement under 35 U.S.C. § 271(c), and willful patent infringement.[1]

Because Plaintiffs' First Amended Complaint fails to allege plausible grounds for relief under any of these theories, as explained herein, it fails to meet the pleading standards under FRCP 8 and must therefore be dismissed.  Further, because Plaintiffs' First Amended Complaint fails to cure the deficiencies in Plaintiffs' indirect infringement claims that were identified in Defendants' previous Motion to Dismiss Plaintiffs' (Original) Complaint Pursuant to FRCP 12(b)(6) (Docket No. 32), it is evident that Plaintiffs are unable to plead claims for indirect infringement.

---

[1] Pursuant to FRCP 12(a), the filing of Defendants' Motion tolls the time for Defendants to file Answers to Plaintiffs' First Amended Complaint.  *See, e.g., Bd. of County Comm'rs v. Brown Group Retail, Inc*., 2008 U.S. Dist. LEXIS 85592, *4-*5 (D. Colo. Oct. 3, 2008) (and authorities cited therein).

## II.     STATEMENT OF FACTS

### A.     The Parties

The parties and their relationships are detailed in Section II.A. of Defendants' Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction ("Opposition to the Preliminary Injunction Motion"). (*See* Docket No. 20, pp. 4-7; *see also* Silver Decl.[2])

#### 1.     Defendants

To review, Jerry Leigh is the developer and manufacturer of the accused Hoodie Buddie™ and HB3 Technology™ products ("HB3 Technology™ products") and has agreed to indemnify and defend the other Defendants against Plaintiffs' claims for infringement of the '192 patent based on garments supplied and/or licensed by Jerry Leigh. (Silver Decl. at ¶¶ 4-11.) Kohl's,[3] JC Penney,[4] and Hot Topic are retailers who sell HB3 Technology™ products. (*Id.* at ¶¶ 26-27.) Rusty is a surf-oriented apparel brand that also sells garments incorporating HB3 Technology™. (*Id.*) Sun Coast provides sales and marketing services to Jerry Leigh.

#### 2.     Plaintiffs

Plaintiffs' First Amended Complaint alleges that LL&L is the assignee of U.S. Patent 7,519,192 ("'192 patent"). (Docket No. 61, ¶ 12.) Plaintiffs' First Amended Complaint alleges that Lowdown is the "sole licensee practicing the claims of the '192 patent in the United States." (Docket No. 61, ¶ 13.) However, the Declaration of Lowdown's Chief Executive Officer,

---

[2] Declaration of Jeff Silver in Support of Defendants' Opposition to Motion for Temporary Restraining Order and Preliminary Injunction (Docket No. 22) ("Silver Decl.").

[3] As indicated in Kohl's Corporate Disclosure Statement Under FRCP 7.1 (Docket No. 37), any sales of products accused of patent infringement in this case would have been made by Kohl's Department Stores, Inc., a wholly-owned subsidiary of Kohl's Corporation.

[4] As indicated in JC Penney's Corporate Disclosure Statement Under FRCP 7.1 (Docket No. 35), any sales of products accused of patent infringement in this case would have been made by J. C. Penney Corporation, Inc., a wholly-owned subsidiary of J. C. Penney Company, Inc.

Edward Zhou, submitted in support of Plaintiffs' motion for preliminary injunctive relief, states that, "Two other entities that are related to Lowdown are also licensees to practice the '192 patent". (Docket No. 6, ¶ 3.)

### III. PLAINTIFFS' FIRST AMENDED COMPLAINT FAILS TO STATE CLAIMS FOR INDUCEMENT OF INFRINGEMENT, CONTRIBUTORY INFRINGEMENT, AND WILLFUL INFRINGEMENT

#### A. Legal Standard

As this Court observed recently, "When reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the Court must presume the truth of all well-pleaded facts in the complaint, but need not consider conclusory allegations." *McGinnis v. GMAC Mortg. Corp.*, 2010 U.S. Dist. LEXIS 90286, *4-*5 (Campbell, J.) (D. Utah Aug. 27, 2010), citing *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006), cert. denied, 549 U.S. 1209 (2007); *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976).[5] Conclusory allegations are allegations that "do not allege the factual basis" for the claim. *Id.*, citing *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995), *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based").

The Court is not bound by a complaint's legal conclusions, deductions and opinions couched as facts. *Id.*, citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And although all reasonable inferences must be drawn in the non-moving party's favor, *Tal*, 453 F.3d at 1252, a complaint will only survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, quoted in *Ridge at Red*

---

[5] The Federal Circuit has stated that in patent cases the law of the regional circuit governs Rule 12(b)(6) motions to dismiss for failure to state a claim upon which relief can be granted. *McZeal v. Sprint Nextel Corp.*, 501 F. 3d 1354, 1356 (Fed. Cir. 2007), citing *C & F Packing Co., Inc. v. IBP, Inc.*, 224 F.3d 1296, 1306 (Fed. Cir. 2000).

*Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Stating a claim under FRCP 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), quoting *Twombly*, 550 U.S. at 555.

As discussed below, Plaintiffs' First Amended Complaint "will not do" because it does not even recite the bare elements of inducement of infringement, contributory infringement, and willful patent infringement, failing to allege plausible grounds for relief under any of these theories.

**B.  The Different Types of Patent Infringement at Issue**

Section 271 of the patent statute specifies a number of different types of patent infringement for which relief is provided. At issue here are "direct infringement" under Subsection 271(a), "inducement of infringement" under Subsection 271(b), and "contributory infringement" under Subsection 271(c). 35 U.S.C. § 271(a)-(c). Direct infringement occurs when a single party practices each and every element of a patent claim, *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378 (Fed. Cir. 2007), while inducement and contributory infringement are theories of vicarious liability predicated upon direct infringement by others, *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004), commonly referred to collectively as "indirect infringement".

Although there can be no direct infringement here because, inter alia, the Accused Products do not include a wire that "acts as a drawstring for the hood", or "an audio device", as required in every claim of the '192 patent, the instant Motion does not challenge the sufficiency

4

of Plaintiffs' pleading regarding direct infringement. Rather, Defendants challenge the sufficiency of Plaintiffs' pleading regarding indirect infringement.

Defendants also challenge the sufficiency of Plaintiffs' pleading regarding willful infringement, a factor in the calculation of damages under Section 284 upon a finding of infringement under Section 271. 35 U.S.C. § 284; *In re Seagate Tech. LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc) (hereinafter "*Seagate*").

### C. Plaintiffs' First Amended Complaint Fails to Identify Any Instances of Direct Infringement Upon Which The Claims for Indirect Infringement Are Based

Plaintiffs' First Amended Complaint fails to state claims for indirect infringement because it fails to plead any instances of direct infringement and therefore it, "stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S. Ct. at 1949, citing *Twombly*, 550 U.S. at 557.

The Federal Circuit explained in *BMC Resources* that, "[w]hen a defendant participates in or encourages infringement but does not directly infringe a patent, the normal recourse under the law is for the court to apply the standards for liability under indirect infringement." *BMC Resources*, 498 F.3d at 1379. "Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement, though the direct infringer is typically someone other than the defendant accused of indirect infringement." *Dynacore*, 363 F.3d at 1272 (emphasis added).

With respect to evidence of direct infringement, the Federal Circuit has held that "a patentee must either point to specific instances of direct infringement or show that the accused device necessarily infringes the patent in suit." *ACCO Brands, Inc. v. ABA Locks Mfg. Co.*, 501 F.3d 1307, 1313 (Fed. Cir. 2007) (emphasis added), citing *Dynacore*, 363 F.3d at 1275-76.

"Hypothetical instances of direct infringement are insufficient," and the "mere sale of a product capable of substantial non-infringing uses does not constitute indirect infringement of a patent." *Id*. at 1313-14, quoting *Dynacore*, 363 F.3d at 1275.

The Federal Circuit has emphasized that the patentee, "<u>always</u> has the burden to show direct infringement for <u>each instance of indirect infringement</u>." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1303 (Fed. Cir. 2006) (emphasis added), citing *Dynacore*, 363 F.3d at 1272. Thus, proper pleading of actual, not merely hypothetical, instances of direct infringement is necessary for the parties and the Court to frame appropriate discovery because, "A defendant's liability for indirect infringement must relate to the <u>identified instances of direct infringement</u>." *Id*. at 1274 (emphasis added).

With respect to inducement, Plaintiffs allege that,

> Defendants have induced and continue to induce the consumers of the Defendants' products, including but not limited to the Accused Products, to infringe the claims of the '192 patent <u>because the Defendants have knowledge of the '192 patent, and the Defendants intend and encourage these consumers of the Defendants' products to use those products in combinations that directly infringe one or more claims of the '192 patent</u>.

(Docket No. 61, ¶ 24.)

The first portion, not underlined above, contains conclusory allegations that "do not allege the factual basis" for the claim. *See McGinnis*, 2010 U.S. Dist. LEXIS 90286, *4-*5, citing *Brown*, 63 F.3d at 972; *Hall*, 935 F.2d at 1110. The latter, underlined portion above alleges in conclusory terms that Defendants "intend and encourage" direct infringement but does not plead any facts in support of that allegation. Nor does the paragraph plead any facts concerning any actual instances of direct infringement that Defendants are alleged to have caused. Further, no explanation is provided as to how the alleged "combinations" could directly

6

infringe. As such, Plaintiffs' First Amended Complaint fails to allege plausible grounds for relief for inducement of infringement.

With respect to contributory infringement, Plaintiffs allege that,

> Defendants have contributed and continue to contribute to the infringement of the claims of the '192 patent by supplying consumers with products, including but not limited to the Accused Products, that, when attached to an audio device by the consumers as intended, advertised and instructed by the Defendants, directly infringe one or more of the claims of the '192 patent. Upon information and belief, the Defendants, at all relevant times, knew that the combination for which their products were especially designed is both patented by the '192 patent and infringes one or more claims of the '192 patent.

(Docket No. 61, ¶ 23.)

As with their inducement allegations, Plaintiffs make no allegation that any consumer has in fact directly infringed as a result of Defendants' conduct. Instead, Plaintiffs allege that direct infringement may occur, "when [the Accused Products are] attached to an audio device by the consumers as intended, advertised and instructed by the Defendants, directly infringe one or more of the claims of the '192 patent". (Docket No. 61, ¶ 23.) It is insufficient to hypothesize that direct infringement may occur "when" an Accused Product is attached to an audio device. To provide a factual basis for their claim, Plaintiffs must identify actual instances of direct infringement. Because Plaintiffs failed to do so, their allegation of contributory infringement, "stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S. Ct. at 1949, citing *Twombly*, 550 U.S. at 557.

Having failed to allege any instances of direct infringement, Plaintiffs have not alleged, "enough facts to state a claim to relief that is plausible on its face," with respect to either form of indirect infringement. *Twombly*, 550 U.S. at 570; *Ridge at Red Hawk*, 493 F.3d at 1177.

7

## D. Plaintiffs' First Amended Complaint Fails to Allege the Requisite Knowledge for Contributory Infringement

In addition, Plaintiffs' First Amended Complaint fails to allege the requisite state of mind for contributory infringement. In order to prove vicarious liability for indirect infringement, "a plaintiff who demonstrates direct infringement must also establish that the defendant possessed the requisite knowledge or intent to be held vicariously liable." *Dynacore*, 363 F.3d at 1273. 35 U.S.C. § 271(c) expressly requires specific knowledge for contributory infringement, providing that contributory infringement occurs only if an alleged infringer sells:

> a component of a patented [device] . . . constituting a material part of the invention, <u>knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use</u> . . . .

35 U.S.C. § 271(c) (emphasis added).

There is no allegation in Plaintiffs' First Amended Complaint that the Accused Products are "not a staple article or commodity of commerce suitable for substantial non-infringing use," as Section 271(c) requires. 35 U.S.C. § 271(c). There also is no allegation that any Defendant knows that the Accused Products are "not a staple article or commodity of commerce suitable for substantial non-infringing use" and thus are "especially made or especially adapted" for use in infringement. In addition to the failure to identify instances of direct infringement, this is another reason why Plaintiffs have not alleged, "enough facts to state a claim to relief that is plausible on its face," with respect to contributory infringement. *Twombly*, 550 U.S. at 570; *Ridge at Red Hawk*, 493 F.3d at 1177.

## E. Plaintiffs' First Amended Complaint Fails to Allege the Requisite Intent for Inducement of Infringement

Plaintiffs' First Amended Complaint also fails to allege the requisite state of mind for inducement of infringement. In addition to alleging direct infringement, to state a claim for

8

inducement of infringement the patentee must allege, "that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 697-98 (Fed. Cir. 2008) (citations omitted). "[I]nducement requires evidence of culpable conduct, directed to encouraging another's infringement, <u>not merely that the inducer had knowledge of the direct infringer's activities</u>." *DSU*, 471 F.3d at 1306 (emphasis added).

Plaintiffs' First Amended Complaint alleges that Defendants "have knowledge of the '192 patent," and "intend and encourage these consumers of the Defendants' products to use those products in combinations that directly infringe one or more claims of the '192 patent." (Docket No. 61, ¶ 24.) But the Federal Circuit stated in *DSU* that it is not sufficient to allege merely that Defendants have knowledge of the '192 patent and are aware of others' activities, which is all that is alleged here. *DSU*, 471 F.3d at 1306. Rather, Plaintiffs must allege specific intent to induce another's infringement, which Plaintiffs failed to do. *Broadcom*, 543 F.3d at 697-98.

There is no allegation that any Defendant knowingly induced direct infringement and specifically intended to encourage that infringement, as required under *Broadcom*. *Broadcom*, 543 F.3d at 697-98. No facts are pleaded in support of any allegation of specific intent to induce direct infringement. Accordingly, Plaintiffs' First Amended Complaint does not allege enough facts to state a claim for inducement of infringement, "that is plausible on its face." *Twombly*, 550 U.S. at 570; *Ridge at Red Hawk*, 493 F.3d at 1177.

A similarly deficient pleading of inducement of infringement was dismissed by the court in *Mallinckrodt, Inc. v. EZ-EM INC.,* 670 F. Supp. 2d 349, 354 (D. Del. 2009). In *Mallinckrodt*, the court dismissed claims for inducement of infringement because the plaintiff's complaint did

not specifically allege any intent to induce infringement. *Mallinckrodt, Inc.*, 670 F. Supp. 2d at 354, citing *DSU*, 471 F.3d at 1304, *see also Xpoint Techs., Inc. v. Microsoft Corp.*, 2010 U.S. Dist. LEXIS 82013 (Dist. Del. 2010) (dismissing indirect infringement claims for failure to state a claim). This Court should dismiss Plaintiffs' First Amended Complaint here with respect to inducement of infringement for the same reasons.

> **F.** **Plaintiffs' First Amended Complaint Fails to State a Claim for Willful Patent Infringement**

In addition, Plaintiffs' First Amended Complaint fails to allege the elements of willful infringement, failing to allege plausible grounds for relief for willful infringement. Concerning willful infringement, Plaintiffs' First Amended Complaint contains only the following conclusory allegation:

> On information and belief, the Defendants had full knowledge of the '192 patent before initiation of the present action and, therefore, their actions of direct, contributory and induced infringement are both willful and deliberate.

(Docket No. 61, ¶ 23.) In addition to incorrectly conflating knowledge of the '192 patent with willfulness, this allegation provides nothing more than "labels and conclusions" regarding willfulness, with no facts alleged in support, which "will not do." *Iqbal*, 129 S. Ct. 1949, quoting *Twombly*, 550 U.S. at 555.

The Federal Circuit has instructed that under ordinary circumstances, willfulness will largely depend on an infringer's <u>pre-litigation</u> conduct. *Seagate*, 497 F.3d at 1371, *see also Realtime Data, LLC v. Stanley*, 2010 U.S. Dist. LEXIS 58049 (E.D. Tex. May 7, 2010). Therefore, "when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement." *Realtime Data*, 2010 U.S. Dist. LEXIS 58049, quoting *Seagate*, 497 F.3d at 1371. In discussing the good faith basis for a willfulness claim, the Federal Circuit specifically

requires that a patentee meet the requirements of FRCP 8(a) and 11(b) at the time the original complaint is filed. *Id*. Accordingly, if Plaintiffs have a good faith factual basis for a claim of willfulness, they must allege it now in sufficient detail to notify Defendants of the claims against which they must defend.

To establish willful infringement, "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Seagate*, 497 F.3d at 1371. In addition, once this threshold objective standard is satisfied, "the patentee must also demonstrate that this objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer." *Id*.

Plaintiffs' conclusory allegations regarding willfulness fail to allege any facts in support of any allegation that any Defendant, "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Seagate*, 497 F.3d at 1371. Plaintiffs also fail to allege any facts in support of any allegation that such an, "objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer[s]." *Id*. Plaintiffs thus have not alleged enough facts to state a claim for willful infringement, "that is plausible on its face". *Twombly*, 550 U.S. at 570; *Ridge at Red Hawk*, 493 F.3d at 1177.

## IV. CONCLUSION

    Accordingly, Defendants respectfully request the Court to dismiss Plaintiffs' First Amended Complaint pursuant to FRCP 12(b)(6).

                                        Respectfully submitted,

                                        MANATT, PHELPS & PHILLIPS, LLP

DATED:  October 8, 2010                      By: */s/ Shawn G. Hansen*_____
                                                                    Jill M. Pietrini
                                                                    Robert D. Becker
                                                                    Shawn G. Hansen

                                                                    *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 8th day of October, 2010, I filed the foregoing electronically through the Court's CM/ECF system, which caused the following parties or counsel to be served by electronic means, as reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Charles L. Roberts | _____ Hand Delivery |
| *croberts@wnlaw.com* | __X__ CM/ECF system |
| James B. Belshe | _____ Federal Express |
| *jbelshe@wnlaw.com* | _____ Email |
| Chad E. Nydegger | |
| *cnydegger@wnlaw.com* | |
| WORKMAN | NYDEGGER | |
| 1000 Eagle Gate Tower | |
| 60 East South Temple | |
| Salt Lake City, Utah 84111 | |

*Attorneys for Plaintiffs*
LL&L INNOVATIONS, LLC
LOWDOWN DISTRIBUTION, INC.

                                                          */s/ Shawn G. Hansen*

300158170.1