H. DICKSON BURTON (4004)
EDGAR R. CATAXINOS (7162)
TRASKBRITT, P.C.
P.O. Box 2550
230 South 500 East, Suite 300
Salt Lake City, Utah 84110
Telephone: (801) 532-1922, Facsimile: (801) 531-9168

JILL M. PIETRINI (*Pro Hac Vice*)
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, CA  90064-1614
Telephone:  (310) 312-4000, Facsimile:  (310) 312-4224

ROBERT D. BECKER (*Pro Hac Vice*)
SHAWN G. HANSEN (8603)
MANATT, PHELPS & PHILLIPS, LLP
1001 Page Mill Road, Building 2
Palo Alto, CA 94304
Telephone: (650) 812-1300, Facsimile: (650) 213-0260

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| LL&L INNOVATIONS, LLC, and LOWDOWN DISTRIBUTION, INC., <br><br>Plaintiffs, <br><br>v. <br><br>JERRY LEIGH OF CALIFORNIA, INC. et al., <br><br>Defendants. | Civil Action No.: 2:10-cv-829-TC <br><br>U.S. District Judge Tena Campbell <br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)** |

I.     INTRODUCTION

In no less than ten pages, Plaintiffs attempt to justify the threadbare allegations of indirect and willful infringement in paragraphs 23-25 of their First Amended Complaint. Unfortunately, Plaintiffs' arguments do not change the fact that the First Amended Complaint itself does not contain the allegations necessary to support claims for indirect and willful infringement. Plaintiffs are unable to make the necessary allegations. As such, the claims should be dismissed.

As explained in Defendants' Motion and further below, Plaintiffs' pleading provides nothing more than "legal conclusions, deductions and opinions couched as facts," to which this Court is not bound. *McGinnis v. GMAC Mortg. Corp.*, 2010 U.S. Dist. LEXIS 90286, *4-*5 (Campbell, J.) (D. Utah Aug. 27, 2010), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiffs' First Amended Complaint cannot survive this Motion because it does not contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

II.    **PLAINTIFFS' OPPOSITION FAILED TO REBUT DEFENDANTS' SHOWING THAT THE FIRST AMENDED COMPLAINT FAILS TO STATE CLAIMS FOR INDIRECT INFRINGEMENT AND WILLFUL INFRINGEMENT**

A.     **Failure to Allege the Direct Infringement Element of Indirect Infringement**

It is well settled that a direct infringer and instances of direct infringement must be identified to state a claim for either form of indirect infringement, inducement of infringement or contributory infringement. *See, e.g., Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272, 1274 (Fed. Cir. 2004). Plaintiffs' First Amended Complaint fails to meet this requirement.

Plaintiffs argue in their Opposition that their First Amended Complaint identifies unspecified "consumers of the Accused Products." (Opposition, p. 5.) However, a careful review of Plaintiffs' pleading reveals that the references to consumers do not, in fact, allege that any consumer has actually directly infringed. There is no allegation that any "consumer" has directly infringed by connecting an Accused Product to an audio device. Instead, Plaintiffs' allege the possibility of direct infringement "when" consumers use the Accused Products in certain ways. The mere possibility of direct infringement is insufficient to justify subjecting Defendants to the great expense and inconvenience of discovery into inadequately pleaded indirect infringement claims.

Plaintiffs make no effort to distinguish the controlling Federal Circuit authority cited in Defendants' Motion, which holds that "a patentee must either point to specific instances of direct infringement or show that the accused device <u>necessarily</u> infringes the patent in suit." *ACCO Brands, Inc. v. ABA Locks Mfg. Co.*, 501 F.3d 1307, 1313 (Fed. Cir. 2007) (emphasis added), citing *Dynacore*, 363 F.3d at 1275-76. Plaintiffs have not made either of these showings.

All that Plaintiffs have alleged here is that direct infringement may occur through use of the Accused Products, "when attached to an audio device by the consumers as intended, advertised and instructed by the Defendants". (Docket No. 61, ¶ 23.) However, as explained in the Motion, such "[h]ypothetical instances of direct infringement are insufficient," and the "mere sale of a product capable of substantial non-infringing uses does not constitute indirect infringement of a patent." *Id*. at 1313-14, quoting *Dynacore*, 363 F.3d at 1275. Nor is there any allegation in the First Amended Complaint that the Accused Products "necessarily infringe" in the alternative to identifying "specific instances of direct infringement". *Id*.

Having failed to allege any instances of direct infringement, Plaintiffs have not alleged "enough facts to state a claim to relief that is plausible on its face" with respect to either form of indirect infringement. *Twombly*, 550 U.S. at 570; *Ridge at Red Hawk*, 493 F.3d at 1177.

### B.   Failure to Allege the Knowledge Element of Contributory Infringement

With regard to the knowledge element of contributory infringement, the statute plainly provides that contributory infringement occurs only when one sells a component of a patented invention, "knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use". 35 U.S.C. § 271(c).

Plaintiffs' arguments in their Opposition demonstrate why the pleading of contributory infringement in the First Amended Complaint is inadequate. The text of the First Amended Complaint alleges that the "Accused Products" form the basis of the contributory infringement claims. (Docket No. 61, ¶ 23.) The term "Accused Products" is defined to refer to the Hoodie Buddie™ with HB3 Technology™ and related products listed in Paragraphs 11-15. (Docket No. 61, ¶ 19.) Plaintiffs' Opposition, however, seeks retroactively to re-write this definition by raising the new argument that it is just the <u>earphones</u> integrated in the Accused Products, rather than the Accused Products as a whole, that are the "component" at issue for purposes of contributory infringement. (Compare Docket No. 61 ¶ 23, with Opposition, p. 8.) Plaintiffs' shifting sands approach to construing their own pleading is improper, of course, and demonstrates why more is required to comply with Rule 8.

3

Essentially conceding that the First Amended Complaint is devoid of any allegations that any Defendant has the knowledge required under the statute, Plaintiffs argue that, "The Court . . . can reasonably infer that the Accused Products are not staple articles, have no substantial non-infringing use, and that Defendants' [sic] knew this to be the case." (Opposition, p. 7.)  But this argument is directly contrary to the clear requirement that the pleading itself must state "enough facts to state a claim to relief that is plausible on its face". *Twombly*, 550 U.S. at 570; *Ridge at Red Hawk*, 493 F.3d at 1177.   This pleading devoid of facts, which leaves the Court and Defendants to guess at the basis for Plaintiffs' claim for contributory infringement, does not meet the pleading standard.  *Id*.

C.     **Failure to Allege the Intent Element of Inducement of Infringement**

Plaintiffs' arguments also miss the mark with respect to the intent element of inducement of infringement.  The case on which Plaintiffs rely, *Ricoh Co., Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325 (Fed. Cir. 2008), is unavailing because it is a summary judgment case focused on the sufficiency of evidence outside the pleadings.  *Ricoh* discusses the quantum of evidence required in the context of summary judgment, it does not discuss the pleading standards under Rule 8.

Plaintiffs acknowledge that, "inducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the induced [sic] had knowledge of the direct infringer's activities."  (Opposition, p. 6, quoting *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006).)  In the summary judgment context, the *Ricoh* court held that the specific intent required for inducement "may be inferred from circumstantial evidence where a defendant has both knowledge of the patent and specific intent to cause the acts constituting infringement." *Ricoh*, 550 F.3d at 1342.  However, even if the collective allegations of

Paragraphs 23 and 24 are read together, as Plaintiffs argue they should be, these allegations do not specify any alleged "statement or actions directed to promoting infringement," such as were found to be probative of intent in *Ricoh*. *Ricoh*, 550 F.3d at 1341.

Without corresponding factual allegations in the pleading itself linking the advertisements to acts of direct infringement, the fact that advertisements were attached as exhibits to the First Amended Complaint does not by itself give Defendants any notice of how those advertisements are alleged to form the basis for Plaintiffs' claim for inducement of infringement. Thus, Plaintiffs' inducement of infringement claim should be dismissed for failure to state "enough facts to state a claim to relief that is plausible on its face". *Twombly*, 550 U.S. at 570; *Ridge at Red Hawk*, 493 F.3d at 1177.

### D. Failure to Allege Elements of Willful Infringement

Regarding willfulness, Plaintiffs have alleged nothing more than "labels and conclusions," with no factual basis in support, which "will not do." *Twombly*, 550 U.S. at 555. In their Opposition, Plaintiffs try to tease the elements of willfulness out of various allegations spanning Paragraphs 22 through 25 of the First Amended Complaint. (Opposition, p. 9.) But this new formulation offered in Plaintiffs' Opposition is something other than the pleading at issue. A factual basis for Plaintiffs' willful infringement claims is simply not alleged in the First Amended Complaint itself. As such, Plaintiffs have not alleged enough facts to state a claim for willful infringement "that is plausible on its face". *Twombly*, 550 U.S. at 570; *Ridge at Red Hawk*, 493 F.3d at 1177.

## III. CONCLUSION

Accordingly, Defendants respectfully request the Court to dismiss Plaintiffs' First Amended Complaint pursuant to FRCP 12(b)(6). Further, because Plaintiffs have not filed any motion for leave to amend their pleading, and thus have not shown that any amendment is proper, Defendants request the Court to deny the request for leave to amend the First Amended Complaint set forth in the Conclusion of Plaintiffs' Opposition.

                                      Respectfully submitted,

                                      MANATT, PHELPS & PHILLIPS, LLP

DATED: November 24, 2010          By: */s/ Shawn G. Hansen*_____
                                                        Jill M. Pietrini
                                                        Robert D. Becker
                                                        Shawn G. Hansen

                                                        *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 24th day of November, 2010, I filed the foregoing electronically through the Court's CM/ECF system, which caused the following parties or counsel to be served by electronic means, as reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Charles L. Roberts<br>*croberts@wnlaw.com*<br>James B. Belshe<br>*jbelshe@wnlaw.com*<br>Chad E. Nydegger<br>*cnydegger@wnlaw.com*<br>WORKMAN \| NYDEGGER<br>1000 Eagle Gate Tower<br>60 East South Temple<br>Salt Lake City, Utah 84111 | \_\_\_\_\_ Hand Delivery<br>__X__ CM/ECF system<br>\_\_\_\_\_ Federal Express<br>\_\_\_\_\_ Email |

*Attorneys for Plaintiffs*
LL&L INNOVATIONS, LLC
LOWDOWN DISTRIBUTION, INC.

                                                                                     */s/ Shawn G. Hansen*

300176970.1